Approved: _____
Lindsey Keenan
Assistant United States Attorney

Before:   THE HONORABLE JUDITH C. MCCARTHY
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - x      19 mag 770

UNITED STATES OF AMERICA          :      **SEALED COMPLAINT**

          - v. -                  :      Violation of
                                         26 U.S.C. §§ 5845(a)(4),
PAUL ELMOWSKY,                    :      5861(d)

                  Defendant.      :      COUNTY OF OFFENSE:
                                         ROCKLAND

- - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

   MATTHEW SANSONE, being duly sworn, deposes and says that he is a Special Agent with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives (the "ATF"), and charges as follows:

                          COUNT ONE

   1.   On or about December 31, 2018, in the Southern District of New York, PAUL ELMOWSKY, the defendant, knowingly did receive and possess a firearm which was not registered to him in the National Firearms Registration and Transfer Record, to wit, an Uzi Model Mini Auto 9MM firearm, which is a weapon made from a rifle which weapon as modified has an overall length of less than 26 inches and a barrel less than 16 inches in length.

(Title 26, United States Code, Sections 5845(a)(4) and 5861(d).)

   The bases for my knowledge and for the foregoing charge are, in part, as follows:

   2.   I am a Special Agent with the ATF. I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, and my conversations with law

enforcement agents, as well as my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part.

3. Based on my participation in this investigation, my conversations with other law enforcement agents, and my review of a report prepared by the Southern Nevada Counter-Terrorism Center, I have learned, among other things, the following:

a. On or about December 25, 2018, cleaning staff at the Caesar's Palace Hotel in Las Vegas, Nevada, found ammunition and two .40 caliber Glock magazines in a hotel room registered to ELMOWSKY, the defendant. Caesar's Palace Hotel security staff informed ELMOWSKY, in substance and in part, that firearms and ammunition must be checked in with hotel security during a guest's stay at the hotel. ELMOWSKY reported to security and checked in a Colt Model 1911 .45 caliber pistol, but did not check in a pistol that would have corresponded with the .40 caliber Glock magazines discovered in his hotel room. ELMOWSKY informed security staff that he previously was a guest of the Rio Hotel, in Las Vegas, Nevada. ELMOWSKY stated that he left his .40 caliber Glock pistol and another firearm at the Rio Hotel when he checked out.

b. Officers from the Las Vegas Metropolitan Police Department Convention Center Area Command unit (the "CCAC") confirmed ELMOWSKY, the defendant, was a guest at the Rio Hotel between December 5, 2018, and December 11, 2018. When ELMOWSKY departed the Rio Hotel, staff discovered a Colt 1911 .45 caliber pistol in ELMOWSKY's hotel room, and a Glock Model 23 .40 caliber pistol in another hotel room, not registered to ELMOWSKY. The pistols remained in the Rio Hotel's possession, because ELMOWSKY had not attempted to retrieve them.

c. As part of their investigation, CCAC reviewed a public records database indicating that ELMOWSKY was a resident of Nyack, New York. CCAC contacted the New York Police Department regarding ELMOWSKY's conduct in Las Vegas, Nevada.

4. Based on my participation in this investigation, and my conversations with law enforcement agents from the

Rockland County Sheriff's Department, I have learned, among other things, the following:

        a. On December 28, 2018, the Rockland County Sheriff's Department petitioned for the suspension of ELMOWSKY's pistol permit.

        b. On December 31, 2018, Justice Thomas E. Walsh of the Rockland County Supreme Court ordered the suspension of ELMOWSKY's pistol permit.

        c. On the same date, December 31, 2018, officers of the Rockland County Sheriff's department, along with officers from the New York Police Department and Town of Orangetown Police Department, went to ELMOWSKY's residence in Nyack, New York, to enforce the pistol permit suspension, and confiscate ELMOWSKY's pistols. ELMOWSKY gave law enforcement verbal consent to access his gun safes. In addition to permitted pistols, ELMOWSKY's gun safes contained an Uzi Model Mini Auto 9MM firearm, serial number MC01519 (the "Firearm"), the overall length of which measured less than 24 inches, and the barrel length of which measured 8 inches.

        5. Based on my review of records from an ATF tax database, the Firearm was not registered to ELMOWSKY in the National Firearms Registration and Transfer Record.

WHEREFORE, deponent respectfully requests that PAUL ELMOWSKY, the defendant, be arrested, and imprisoned or bailed, as the case may be.

_____
Matthew Sansone
Special Agent
United States Bureau of Alcohol,
Tobacco, Firearms and Explosives

Sworn to before me this
22nd day of January, 2019

_____
THE HONORABLE JUDITH C. MCCARTHY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

4